IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOEL BELLO,
        Plaintiff
    v.                      Case No. 3:07-cv-254-KRG-KAP
DOCTOR ROMEO, MOSHANNON
VALLEY CORRECTIONAL CENTER,
et al.,
        Defendants

## Order, and Report and Recommendation

### Recommendation and Order

Plaintiff, an inmate at the Moshannon Valley Correctional Center, filed a civil complaint claiming that defendants were providing inadequate medical care. I recommend that defendants' motion to dismiss, docket no. 17, be granted and the complaint dismissed. The plaintiff's motion for appointment of counsel, docket no. 27, is denied.

### Report

Since August 2006, plaintiff has been at Moshannon Valley serving a 72 month sentence imposed in June 2006 by the United States District Court for the Middle District of North Carolina. Plaintiff filed his complaint in October 2007, docket no. 3, alleging that he was suffering unbearable pain all over his body from a tumor and from psoriasis and that the defendants were deliberately indifferent because they did not think surgery for the tumor was necessary. I screened the complaint under 28 U.S.C.§ 1915A and recommended that it be dismissed as inadequate, but gave plaintiff leave to amend. docket no. 2. Plaintiff filed an amended complaint and supplement thereto, docket no. 6, docket no.

7, giving a laundry list of medical complaints which he had and for which he was seeing the medical department at Moshannon Valley.

I ordered the complaint served. Once served, in March 2008 defendants moved to dismiss the complaint for failure to state a claim, docket no. 17. I advised plaintiff that he must reply by June 20, 2008, or his silence would be taken as consent to dismissal. docket no. 22. Plaintiff filed a reply in June 2008, almost entirely describing how his medical conditions had changed since the filing of the complaints and how he was being inadequately treated during the period after the filing of the complaint. docket no. 23 at 7-26. The plaintiff made two allegations relevant to the claims in his complaint: 1) that upon his arrival at the prison in August 2006 he was prescribed a medicine which failed to cure his psoriasis, and 2) he also immediately complained about a loss of vision in his right eye but did not see a specialist for eight months. Plaintiff did not discuss the claim based on the failure to treat his tumor at all, but in his discussion of continuing medical problems he alleged he was developing more tumors since the filing of the complaint.

In November 2008, plaintiff submitted a motion for the appointment of counsel, asserting that he needs the assistance of counsel because he does not speak English. docket no. 27. Defendants opposed the appointment of counsel, docket no. 29, on the grounds that plaintiff's averments are not true. I deny the

motion for counsel because the allegations of plaintiff's complaint are insufficient. The court cannot (and if it could should not) be acting as a legal adviser for plaintiff: appointment of counsel can only be justified as an aid to the court in getting to the substance of a probably meritorious claim, not for the purpose of assisting a pro se plaintiff in prolonging the litigation of an obviously insufficient one.

As noted above, plaintiff's opposition to the motion to dismiss the complaint almost completely ignores the complaint in favor of discussion of his current dissatisfaction with his medical care. A civil complaint is not a vehicle for the court to act as ombudsman or ongoing overseer of inmate health care. The Prison Litigation Reform Act, as codified at 18 U.S.C.§ 3626(a)(1)(A), expressly requires relief in a prison civil rights to be "narrowly drawn" and "necessary to correct a violation" of federal rights. By necessary implication, an inmate cannot use a complaint over a specific incident as a means to present the court with a constantly mutating claim. The Prison Litigation Reform Act also amended 42 U.S.C. § 1997e(a) to state:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility **until** such administrative remedies as are available are exhausted. (my emphasis)

Unless this provision is read out of existence, it is not sufficient for plaintiff to allege that he exhausted his

3

administrative remedies as to a grievance over conditions existing at the time the complaint was filed and then use litigation in federal court to evade any further attempt at solving his difficulties by administrative remedies.

Leaving those matters aside, the complaint is inadequate for the fundamental reason that it alleges no facts beyond the plaintiff's medical conditions and the treatment he is receiving. Plaintiff's conclusion of deliberate indifference is just that, a bald conclusion. Fed.R.Civ.P. 8(a)(2) requires a federal complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." As the Supreme Court recently discussed in Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007), a complaint must plead "enough **facts** to state a claim to relief that is plausible on its face." Id. at 1974. (my emphasis). The Court of Appeals for the Third Circuit has similarly explained:

Put another way, in light of Twombly, Rule 8(a)(2) requires a "showing" rather than a blanket assertion of an entitlement to relief. We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. See Twombly, 127 S.Ct. at 1965 n. 3.

Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir.2008). Whether the complaint alleges the grounds on which a claim rests depends of course on the substantive law underlying the claim. Here, plaintiff's federal claim arises under the Eighth Amendment line of cases following Estelle v. Gamble, 429 U.S. 97, 106 (1976), which established that prison inmates have a right that prison

4

officials not be deliberately indifferent to their serious medical needs. Defendants do not argue that plaintiff has alleged a serious medical need, but dispute that plaintiff's allegations support the element of deliberate indifference.

Deliberate indifference has been defined by the Supreme Court:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Farmer v. Brennan, 511 U.S. 825, 837 (1994). In Estelle v. Gamble the Court reviewed lower court cases to give examples of allegations of fact which are sufficient to provide fair notice of a claim that prison physicians showed deliberate indifference in providing or refusing medical care: allegations that a prison doctor threw away an inmate's ear and stitched the stump rather than treat the prisoner after an altercation; that a prison doctor injected an inmate with penicillin knowing that he was allergic; and that a prison doctor required prisoner to stand after leg surgery despite the contrary instructions of the operating surgeon. 429 U.S. at 104 n.10. By contrast, in Estelle v. Gamble itself, the Court ruled that Gamble **failed** to state a deliberate indifference claim against defendant Gray, the prison medical director, where plaintiff alleged that Gray saw him twice (other

5

medical personnel saw Gamble 17 times over three months) and did not cure his severe back pain after a workplace accident in which a 600 pound bale of cotton fell on him. The only treatment Gamble received was bed rest, muscle relaxants, and pain relievers: Gray never took an x-ray or used any other diagnostic technique to determine whether Gamble's pain might be the result of a broken back. Though it is safe to say that most doctors would order x-rays in such circumstances as a matter of course, the Supreme Court observed:

> [T]he question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice[.] 429 U.S. at 106.

Similarly, in <u>Williams v. Kort</u>, 223 Fed.Appx. 95 (3d Cir.2007), the Third Circuit affirmed the grant of summary judgment to medical defendants who not only did not cure the knee injury suffered by the inmate plaintiff, Williams, they did not over the course of two years even schedule an MRI which would have immediately diagnosed a bilateral meniscus tear requiring surgery.

In short, plaintiff is entitled to medical care to address his serious medical needs. Whether plaintiff would admit it or not, his allegations show that he is receiving extensive medical care. He is not entitled to a cure. He is not entitled to more care than he is receiving unless the care he is receiving is not inadequate, and it is neither medically or legally correct

to conclude that because plaintiff has not been cured his care is inadequate. Because there are no concrete allegations that either Doctor Romeo or Ms. Dawson (the medical administrator) has acted or failed to act in some way as to cause plaintiff harm, the complaint is insufficient to state a claim.

Cornell Companies should be dismissed as a defendant for the additional reason that the Supreme Court has held that federal courts are not authorized to create federal common law actions against private entities acting under color of federal law. Correctional Service Corp. v. Malesko, 534 U.S. 61 (2001).

Warden Zenk should be dismissed as a defendant for the additional reason that he is part of the nonmedical staff of the prison. As the Court of Appeals for the Third Circuit has stated:

[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official ... will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference.

Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir.2004). No such allegations as to Zenk's knowledge are in the complaint.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation.

DATE: December 3, 2008

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

    Joel Bello Reg. No. 22865-057
    Moshannon Valley Correctional Center
    P.O. Box 2000
    Philipsburg, PA 16866-0798